IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SHONGO LECARR OWENS. | Criminal No. CCB-15-0468<br>Civil No. CCB-18-1995 |

## MEMORANDUM

Now pending before the court is Shongo LeCarr Owens's motion for resentencing under 28 U.S.C. § 2255. *See* Mot. to Vacate, ECF 305 ("Mot."); Mot. to Amend Mot. to Vacate, ECF 312 ("Suppl. Mot."). The motion asks this court to amend Mr. Owens's sentence in light of his successful *coram nobis* petition in Maryland state court. *See State v. Owens*, 02-K-00-000565 (2017), ECF 305-2. After a careful review of Mr. Owens's case, the Court concludes that it properly imposed a 240-month term of incarceration at the time of sentencing, irrespective of Mr. Owens's since-vacated prior conviction. Accordingly, the court will deny the motion.[1]

Mr. Owens's proceedings in this Court began on August 26, 2015, when a federal grand jury in this district charged Mr. Owens as part of a twenty-four count, multi-defendant indictment. Indictment, ECF 74. Just over one year later, on September 19, 2016, Mr. Owens entered a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). Plea Agreement, ECF 232. Mr. Owens pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than one kilogram of heroin in violation of 21 U.S.C. § 846, and one count of felon in possession of a firearm in

---

[1] The court declines to hold a hearing because even considering the facts in the light most favorable to Mr. Owens, the record "conclusively" shows that he "is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Nguyen*, 789 F. App'x 965, 966 (4th Cir. 2020) (internal quotation marks omitted) (citing *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007)).

1

violation of 18 U.S.C. § 922(g). Plea Agreement at 1-2. The agreement stipulated an appropriate sentence of 240 months for the distribution charge and 120 months for the firearm charge, to be served concurrently. *Id.* at 5. The parties also agreed to a stipulation of facts stating that Mr. Owens had arranged to mail narcotics from California to Maryland, that investigators executing a search warrant recovered 9,955 grams of cocaine, 2,230 grams of heroin, and multiple loaded handguns from Mr. Owens, and that officers arrested one of Mr. Owens's customers with 1.7 kilograms of cocaine supplied by Mr. Owens. *Id.* at 9-10. After receiving the agreement, the court scheduled Mr. Owens's sentencing hearing for January 27, 2017. Regular Sentencing Order, ECF 234.

As Mr. Owens's federal case was proceeding in this court, he was also pursuing *coram nobis* relief in state court related to a separate charge for possession with intent to distribute a controlled dangerous substance. *See Owens*, 02-K-00-000565 at 1. "A petition for writ of error *coram nobis* is an independent, civil action that a convicted person, who is neither serving a sentence nor on probation or parole, may bring to collaterally challenge a conviction." *Id.* at 2. Although Mr. Owens had on July 19, 2000, entered into a plea agreement on the state distribution charge, he argued in his *coram nobis* petition that the agreement was not knowing and voluntary because he had not been informed that, were his case to proceed to trial, the State would be required to prove every element of his offense beyond a reasonable doubt, and he had thus lacked a full understanding of the nature of the charges against him. *Id.* at 1, 3-7.

On January 4, 2017, approximately three weeks before Mr. Owens's sentencing was set to take place, he filed an unopposed request to continue the sentencing hearing pending the outcome of his *coram nobis* petition, which the court granted the next day. Consent Scheduling Req., ECF 252; Paperless Order, ECF 253. Four months later, on May 3, 2017, Mr. Owens filed

a second motion to continue his sentencing hearing, now rescheduled for May 11, 2017. Mot. to Continue Sentencing, ECF 263. This time, the Government opposed the motion, Resp. in Opp'n, ECF 265, and the court denied it, Paperless Order, ECF 266.

After the court denied Mr. Owens's motion to continue the sentencing hearing, his attorneys, Emily Levenson and Joshua Treem, moved to withdraw as counsel. Mot. to Withdraw, ECF 268. In support of their motion, counsel explained that if Mr. Owens's *coram nobis* petition were successful, it would, in their view, "radically alter" his criminal history score in this case and, correspondingly, his guideline sentencing range. *Id.* ¶¶ 2-3. Nevertheless, counsel maintained that they had failed to provide Mr. Owens with this information at the time he entered the 240-month plea agreement. *Id.* ¶ 3. As a result, counsel indicated that if Mr. Owens's petition were successful, he might "wish to withdraw his guilty plea based upon counsel's failure to advise him of the potential impact of the Coram Nobis Petition prior to entering into the current plea agreement." *Id.* ¶ 7. A motion to withdraw his guilty plea, would, however, "be based upon counsel's ineffective assistance," creating a conflict of interest between Mr. Owens and his lawyers. *Id.* ¶ 9. Ms. Levenson and Mr. Treem sought to withdraw from representing Mr. Owens to mitigate this potential conflict.

Upon receipt of the motion to withdraw, the court referred the motion to Magistrate Judge A. David Copperthite for an attorney inquiry hearing. Order, ECF 270. Judge Copperthite conducted the inquiry hearing on May 10, 2017, and subsequently denied the motion. Order, ECF 272.

The next day, on May 11, 2017, this court held Mr. Owens's sentencing hearing. At the outset of the hearing, Mr. Owens renewed his request to continue the proceeding. Hr'g Tr. at 3:19:25, ECF 289. The court denied the motion. *Id.* at 12:11-13:9. Mr. Owens then moved to

withdraw his guilty plea. *Id.* at 13:10-21. The court denied that motion as well. *Id.* at 16:22-18:17.

After handling these preliminary motions, the court considered Mr. Owens's proposed 240-month sentence under the factors enumerated in 18 U.S.C. § 3553(a). The court acknowledged that the *coram nobis* proceeding could ultimately reduce Mr. Owens's guideline sentence to as low as 168 to 210 months, but emphasized that the guideline sentence was "only one factor" under § 3553(a). *Id.* at 9:9-14, 23:4-10. The court then turned to the other factors, beginning with the nature of the offense, which it characterized as "extremely serious." *Id.* at 38:25-39:16. Next, it considered specific deterrence and incapacitation, concluding that the sentence would accomplish the goal of specific deterrence and would "protect[] the public against a very serious offense." *Id.* at 39:17-40:1. Mr. Owens's possession of a contraband cell phone while incarcerated pre-trial reinforced the need for specific deterrence. *Id.* The court also determined that the sentence reflected Mr. Owens's relative culpability in the conspiracy, particularly given the extent to which he manipulated "vulnerable young women with little or no criminal history" to carry out the operation. *Id.* at 40:2-25. Finally, the court clarified that the sentence was "not based on the criminal history category," and thus explained on the record, "I am specifically stating now to be clear, I think the 240 months is the correct disposition considering all of the factors under 3553(a), whether or not Mr. Owens ultimately succeeds on his coram nobis." *Id.* at 41:1-18. The court therefore imposed the 240-month sentence set forth in Mr. Owens's plea agreement for the distribution charge, as well as a 120-month sentence for the firearm charge, to be served concurrently. *Id.* at 41:19-42:6; *see* Judgment, ECF 277. Mr. Owens subsequently filed a timely notice of appeal. Notice of Appeal, ECF 279.

Two months after this court sentenced Mr. Owens, on July 21, 2017, the Circuit Court for

Anne Arundel County, Maryland granted Mr. Owens's *coram nobis* petition. *Owens*, 02-K-00-000565. The court's ruling vacated Mr. Owens's state court conviction for possession with intent to distribute a controlled dangerous substance, included at ¶ 37 of his presentence report, eliminating the three criminal history points and career offender status that came with it. *See* Am. Presentence Report ¶ 37, ECF 276.[2]

Approximately six months later, the Fourth Circuit affirmed Mr. Owens's sentence and conviction in this case. *United States v. Owens*, 711 F. App'x 722 (4th Cir. 2018) (per curiam). The court explained that "Owens knowingly and voluntarily pleaded guilty," and characterized the possibility that the "the coram nobis proceeding" would have affected his sentence as "doubtful." *Id.* at 723.

On June 28, 2018, after obtaining the favorable disposition on his *coram nobis* petition, but unfavorable result on direct appeal in this case, Mr. Owens moved pro se for resentencing in this court under 28 U.S.C. § 2255. *See* Mot. The court ordered the Government to respond, Order, ECF 306, and the Government filed a response in opposition, Resp. in Opp'n, ECF 307. Mr. Owens filed a pro se reply, *see* Reply in Support of Mot. to Vacate, ECF 309, and then four months later, now through counsel, filed a motion to amend his § 2255 motion, *see* Suppl. Mot.[3] The Government filed an opposition to that motion as well, completing the briefing on Mr.

---

[2] The court need not resolve whether the outcome of the *coram nobis* petition reduced Mr. Owens's criminal history score to one point or to four points because, as the court explained at the sentencing hearing, 240 months is the appropriate sentence even if Mr. Owens has a Category I criminal history. The court reiterates that the 240-month sentence is "not based on the criminal history category." Hr'g Tr. at 41:1-18.

[3] In addition, on June 11, 2020, Mr. Owens filed, this time through the Assistant Federal Public Defender, a motion for resentencing on his firearms charge under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Suppl. Mot. to Vacate, ECF 345. He later withdrew that motion, so it is not at issue here.

Owens's request for resentencing. Gov's Suppl. Resp., ECF 374.[4]

Mr. Owens's motion seeks resentencing consistent with what he believes is now the appropriate guideline range, not vacatur of his conviction, *see* Mot. 5-6, based on the purported ineffective assistance of trial and appellate counsel, *see* Suppl. Mot. at 6-13. Mr. Owens does not claim in either filing that he is innocent of the offense of conviction, nor does he recant the statement of facts to which he "knowingly and voluntarily" stipulated. *See Owens*, 711 F. App'x at 723; Decl. of Shongo Owens, ECF 316-1.

A habeas petitioner like Mr. Owens may claim ineffective assistance of counsel "in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). A constitutional violation occurs only where (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Although Mr. Owens would have been hard-pressed "to find more competent counsel," even assuming counsel's performance was deficient, he cannot show the prejudice *Strickland* requires. *See* Hr'g Tr. at 18:3-9. As the Fourth Circuit has already concluded, Mr. Owens's plea agreement was knowing and voluntary. *Owens*, 711 F. App'x at 723. And as this court explained

---

[4] The Government also filed a motion to seal its opposition brief, ECF 373, which the court will grant. Mr. Owens has since purported to file a writ of mandamus seeking to compel this court to rule on his § 2255 motion. *See* Mot. to Compel, ECF 412. The court here disposes of his § 2255 motion in the ordinary course, and thus will deny as moot his motion to compel.

at the sentencing hearing, the conduct Mr. Owens stipulated to in that agreement warranted a sentence of 240 months under the 3553(a) factors "*whether or not Mr. Owens ultimately succeeds on his coram nobis.*" *Id.* at 41:1-18 (emphasis added). The 240-month sentence the court imposed was "not based on the criminal history category," and so was, and is, appropriate notwithstanding the effect of the *coram nobis* disposition on Mr. Owens's criminal history. *Id.* at 41:1-18. As a result, even if the court were to "grant him 28 U.S.C. § 2255 relief" and resentence him, it would impose the same 240-month sentence it set in 2017. The motion will therefore be denied.

As a final matter, a habeas petitioner must obtain a certificate of appealability to appeal a denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The court may issue such a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Mr. Owens has not met this burden, and thus the court will not issue a certificate of appealability.[5]

A separate order follows.

| | |
|---|---|
|    April 4, 2023    |    /s/    |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[5] Mr. Owens may nevertheless request a certificate of appealability from the United States Court of Appeals for the Fourth Circuit should he wish to do so.